| | |
|---|---|
| 1 | JEFFREY DEMAIN (SBN 126715) |
| 2 | jdemain@altber.com |
| | DANIELLE LEONARD (SBN 218201) |
| 3 | dleonard@altber.com |
| 4 | ALTSHULER BERZON LLP |
| | 177 Post St., Suite 300 |
| 5 | San Francisco, CA 94108 |
| 6 | Telephone: (415) 421-7151 |
| | Facsimile: (415) 362-8064 |
| 7 | |
| 8 | *Attorneys for Proposed Defendants Gabrielle Carteris, David P. White, Duncan Crabtree-* |
| 9 | *Ireland, Ray Rodriguez, John T. McGuire,* |
| 10 | *John Carter Brown, and Linda Powell* |
| 11 | JULIE GUTMAN DICKINSON (SBN 148267) |
| | jgutmandickinson@bushgottlieb.com |
| 12 | LISA C. DEMIDOVICH (SBN 245836) |
| 13 | ldemidovich@bushgottlieb.com |
| | BUSH GOTTLIEB, A LAW CORPORATION |
| 14 | 801 North Brand Boulevard, Suite 950 |
| 15 | Glendale, California 91203-1260 |
| | Telephone: (818) 973-3200 |
| 16 | Facsimile: (818) 973-3201 |
| 17 | *Attorneys for Proposed Defendants Screen* |
| 18 | *Actors Guild-American Federation of* |
| | *Television and Radio Artists, Michael* |
| 19 | *Pniewski, and David Hartley-Margolin* |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francis Fisher, | CASE NO.: 2:21-cv-5215-CAS-MAA |
| Plaintiff, | **PROPOSED DEFENDANTS' PRELIMINARY RESPONSE TO PLAINTIFF'S APPLICATION FOR LEAVE TO FILE PROPOSED COMPLAINT PURSUANT TO 29 U.S.C. § 501** |
| v. | |
| SAG-AFTRA, et al., | |
| Defendants. | Judge: The Hon. Christina A. Snyder |

Proposed Defendants Gabrielle Carteris, David P. White, Duncan Crabtree-Ireland, Ray Rodriguez, Michael Pniewski, David Hartley-Margolin, John T. McGuire, John Carter Brown, Linda Powell, and the Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA") (collectively, "Proposed Defendants") appear specially through their respective undersigned counsel without having been served to respectfully submit this preliminary procedural response to the Application for Leave to File Complaint Pursuant to 29 U.S.C. §501, filed June 25, 2021 by Plaintiff Francis Fisher ("Plaintiff") and proposal about how to proceed. The Proposed Defendants wish, first and foremost, to alert the Court that Plaintiff's Application will be opposed, and to request the opportunity to respond to Plaintiff's Application on a reasonable timeline that preserves judicial resources. Proposed Defendants further respectfully suggest a procedural pathway to resolve the issues raised by this Application and the claims asserted in the Proposed Complaint, consistent with the applicable rules and the statutory requirements applicable to Plaintiff's claim under 29 U.S.C. §501(a), which requires leave of Court and good cause to file.

Plaintiff's Proposed Complaint (ECF #1-1) asserts two claims against a partially overlapping set of Defendants associated with SAG-AFTRA: Count I, a claim for breach of the duty of fair representation ("DFR") under 29 U.S.C. §159(a) against certain SAG-AFTRA members, officers and staff who also are trustees on the SAG-AFTRA Health Plan, and Count II, a claim for breach of fiduciary duty under 29 U.S.C. §501(a) against certain SAG-AFTRA staff and officers who serve on SAG-AFTRA's National Board.[1]

---

[1] The factual allegations in the Proposed Complaint overlap considerably with an ERISA claim filed on behalf of different SAG-AFTRA members by the same counsel, currently pending before this Court in *Asner v. The SAG-AFTRA Health Fund*, Case No. 2:20-cv-10914-CAS-JEM. Pleading motions in that case have been briefed and scheduled for argument. The Proposed Defendants in this new action

Count I (the DFR claim) does not require leave of Court to file a Complaint. Count II (the §501(a) claim) may be filed only after receiving "leave of the court obtained upon verified application and for good cause shown." 29 U.S.C. §501(b). There is applicable case law within the Ninth Circuit addressing the "good cause" standard to add a §501(a) claim alleging breach of fiduciary duty by union officers. *E.g.*, *Stelling v. Int'l Bhd. of Electrical Workers*, 587 F.2d 1379 (9th Cir. 1978); *Phillips v. Osborne*, 403 F.2d 826, 830 (9th Cir. 1968); *Horner v. Ferron*, 362 F.2d 224, 228-29 (9th Cir. 1966); *see also Pimentel v. Aloise*, No. 18-CV-00411-EMC, 2018 WL 6025613, at *5-6 (N.D. Cal. Nov. 16, 2018). The "good cause" requirement "protects union officials from harassing and vexatious litigation which has no merit… and from unwarranted judicial intrusion in the processes of union democracy." *Cowger v. Rohrbach*, 868 F.2d 1064, 1068 (9th Cir. 1989) (internal citations omitted).

Here, Plaintiff has filed only an Application requesting leave to file her Proposed Complaint, and has not actually filed any Complaint alleging the DFR claim. She has not served (or even notified) any of the Proposed Defendants of the Application or Proposed Complaint.[2] Despite not yet being served, we specially appear here to inform the Court that Proposed Defendants intend to oppose the application for leave to file the §501(a) claim under the "good cause" standard

---

agree with Plaintiff that the cases are related, given the overlap in allegations. Proposed Defendants strongly disagree with the allegations and claims in this new Proposed Complaint, but will leave those substantive responses for the appropriate time once the proper procedural posture is resolved.

[2] Contrary to Plaintiff's statement in her Application (ECF #1, ¶12), neither she nor her lawyers provided notice of the filing to SAG-AFTRA's counsel. Proposed Defendants learned of the filing through a Lexis-Nexis alert. Plaintiff's counsel also failed to respond to Defendant SAG-AFTRA counsel's subsequent inquiry regarding this Application.

articulated by the Ninth Circuit. Defendants also intend to move to dismiss Plaintiff's DFR claim once it is filed. We respectfully propose the following procedure, which we submit will preserve judicial efficiency and protect all parties' rights and interest in being heard before the Court reaches resolution.

Plaintiff should file her complaint asserting her DFR claim, along with an application to *add* the §501(a) claim, in which case the undersigned counsel will accept service of the complaint on behalf of our respective clients, pursuant to Federal Rule of Civil Procedure 4(d). Proposed Defendants would then file simultaneous motions to dismiss the DFR claim and an opposition to the application for leave to add the §501(a) claim or, in the alternative, to dismiss that §501(a) claim. Plaintiff would then receive a reasonable amount of time to file a response to the motions to dismiss and a reply in support of her application to add the §501(a) claim, and Defendants would reply in support of the motions to dismiss. The Proposed Defendants would confer with Plaintiff to propose a stipulated schedule for briefing.

The U.S. District Court for the Northern District of California used this procedure to adjudicate a request for leave to add a §501(a) claim along with motions to dismiss other claims in *Pimentel,* 2018 WL 6025613, at *1. Doing so would allow Plaintiff's request for leave to add the §501(a) claim and the Proposed Defendants' opposition to that request and motions to dismiss to be briefed on a reasonable schedule and presented for resolution by the Court all at once, without asking the Court to resolve a non-emergency matter[3] such as this on shortened time or to resolve challenges to the pleadings *seriatim*.

---

[3] Plaintiff waited almost five months from SAG-AFTRA's notification that it would not be initiating suit against the individual defendants to file this application, evidencing the non-emergent nature of this matter.

To implement the foregoing procedure to resolve challenges to the pleadings in a reasonable and efficient manner, Proposed Defendants respectfully request that the Court deny the pending Application *without prejudice* to Plaintiff filing a Complaint setting forth her DFR claim (which needs no leave of Court) and an application to *add* the §501(a) claim, at which point the parties can confer and propose a reasonable briefing schedule on all issues. In the alternative, the Court can hold this Application in abeyance pending the filing and proper service of such a Complaint by Plaintiff, and treat this as an Application to add the §501(a) claim).

                                             Respectfully submitted,

Dated: June 30, 2021            /s/ *Danielle Leonard*
                                       Danielle Leonard

                                  JEFFREY DEMAIN
                                  DANIELLE LEONARD
                                  Altshuler Berzon LLP

                                  *Attorneys for Proposed Defendants Gabrielle Carteris, David P. White, Duncan Crabtree-Ireland, Ray Rodriguez, John T. McGuire, John Carter Brown, and Linda Powell*

                                  JULIE GUTMAN DICKINSON
                                  LISA C. DEMIDOVICH
                                  Bush Gottlieb, a Law Corporation

                                  *Attorneys for Proposed Defendants SAG-AFTRA, Michael Pniewski, and David Hartley-Margolin*