Neville L. Johnson, State Bar No. 66329
Douglas L. Johnson, State Bar No. 209216
Daniel B. Lifschitz, State Bar No. 285068
**Johnson & Johnson LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Tel:  310-975-1080
Fax:  310-975-1095
njohnson@jjllplaw.com
djohnson@jjllplaw.com
dlifschitz@jjllplaw.com

Steven A. Schwartz
**Chimicles Schwartz Kriner
& Donaldson-Smith LLP**
361 West Lancaster Avenue
Haverford, PA 19041
Tel.: 610-642-8500
Fax: 610-649-3633
steveschwartz@chimicles.com

Robert J. Kriner, Jr.
Emily L. Skaug
**Chimicles Schwartz Kriner
& Donaldson-Smith LLP**
2711 Centerville Road, Suite 201
Wilmington, DE 19808
Tel.: 302-656-2500
Fax: 302-656-9053
rjk@chimicles.com
els@chimicles.com

Edward Siedle
**Law Offices of Edward Siedle**
17789 Fieldbrook Circle West
Boca Raton, FL 33496
Tel.: 561-703-5958
esiedle@aol.com

*Attorneys for Plaintiff and the Classes*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANCES FISHER<br><br>Plaintiff, on behalf of herself and all other similarly and situated members of the SCREEN ACTORS GUILD- AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS,<br><br>v.<br><br>SCREEN ACTORS GUILD - AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, | **CASE NO. 2:21-cv-05215-CAS-MAA**<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' PROPOSED PRELIMINARY RESPONSE TO PLAINTIFF'S APPLICATION** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | a labor organization; GABRIELLE CARTERIS, an individual; DAVID P. WHITE, an individual; DUNCAN CRABTREE-IRELAND, an individual; RAY RODRIGUEZ, an individual; MICHAEL PNIEWSKI, an individual; DAVID HARTLEY-MARGOLIN, an individual; JOHN T. MCGUIRE, an individual; JOHN CARTER BROWN, an individual; AND LINDA POWELL, an individual.<br><br>    Defendants. |

## PLAINTIFF'S REPLY TO DEFENDANTS' PROPOSED PRELIMIARY RESPONSE TO PLAINTIFF'S APPLICATION

Plaintiff respectfully submits this response to Proposed Defendants' Preliminary Response to Plaintiff's Application for Leave to File Proposed Complaint Pursuant to 29 U.S.C. § 501 ("Defendants' Request") (ECF #11), filed in this matter by the named Defendants on June 30, 2021.

On June 25, 2021, Plaintiff filed her Application for Leave to File Complaint Pursuant to 29 U.S.C. 29 § 501 ("Application") (ECF #1). The Application includes the Proposed Complaint, which includes two Counts. Count I is not subject to the threshold "good cause" determination by the Court. With respect to Count II, Plaintiff filed the Application in accordance with accepted practices and procedures of this Circuit, including presenting to the Court the threshold issue of "good cause" prior to proceeding with Count II of the Proposed Complaint. Pursuant to the request of SAG-AFTRA in-house counsel, the Application also specifically advised the Court that SAG-AFTRA may wish to be heard on the threshold "good cause" issue. Dkt. No. 1, ¶ 12.

Defendants' Request asks the Court to dismiss the Application in favor of an alternative procedure in which Plaintiff would file the Proposed Complaint and request leave to proceed on Court II subject to the Court's determination of the threshold "good cause" issue, and Defendants would simultaneously move to dismiss

Count I and move to oppose the threshold "good cause" determination or in the alternative dismiss Count II. Dkt. No. 11 at 4. Defendants state the court followed this procedure in *Pimentel v. Aloise,* No. 3:18-cv-00411, 2018 U.S. Dist. LEXIS 196122 (N.D. Cal. Nov. 16, 2018), which involved an amendment to a complaint for violations of 29 U.S.C. §§ 101 and 411 to add a claim under 29 U.S.C § 501, following a motion to dismiss the original complaint and a voluntary dismissal of the original claims.

Plaintiff respectfully submits she followed the established procedure to present to the Court the statutory threshold "good cause" predicate to proceedings on Count II by filing the verified Application. *See Van Kirk v. Utd. Assoc. of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the U.S. and Canada, AFL-CIO,* No. 2:20-cv-01961 (D. Ariz.) (Dkt. No. 1) (complaint with § 501 claim as Count IV); *id*. at Dkt. No. 2 (application for leave to file under § 501); id. at Dkt. No. 13 (order granting jointly stipulated date for defendants' response to application); *id*. at Dkt. No. 29 (order granting application); *Collins v. Rosselli*, No. 2:08-cv-03330 (C.D. Cal.) (Dkt. No. 1) (ex parte application for leave to file with verified complaint attached); *id* at Dkt. No. 16 (memorandum in opposition to ex parte application); *id*. at Dkt. No. 18 (order granting application); *UFCW Union, Local No. 648, AFL-CIO v. Sharpe*, No. 3:03-cv-00005 (N.D. Cal.) (Dkt. No. 1) (complaint); *id*. at Dkt. No. 2 (ex parte application); *id*. at Dkt. No. 12 (order granting application).

As the court recognized in *Pimentel,* the predicate "good cause" determination under "the current Ninth Circuit approach . . . is limited and designed simply to ensure that a suit is not frivolous or undertaken for the purpose of harassment." 2018 U.S. Dist. LEXIS 196122, *45 (citing *Loretangeli v. Critelli*, 853 F.2d 186, 191-92 (3d Cir. 1988) ("The statutory permission for plaintiffs to file an ex parte application for leave to sue, 29 U.S.C. § 501(b), suggests a low level of judicial scrutiny[;] [t]he language of the statute certainly does not require that the district court then make a searching inquiry into the merits of the suit"); *George v. Local Union No. 639*, 98

F.3d 1419, 1422 (D.C. Cir. 1996) ("It would . . . be illogical to impose a heightened pleading standard, requiring a plaintiff to show a high likelihood of success on the merits")). A defendant may challenge "good cause" based on "facts which demonstrate that the plaintiff is not a member of the defendant union, or that the action is outlawed by a statute of limitations, or that the action cannot succeed because of the application of the principles of res judicata or collateral estoppel, or that plaintiff has not complied with some controlling condition precedent to the bringing of such a suit . . . ." *Horner v. Ferron*, 362 F.2d 224, 229 (9th Cir. 1966). "Defenses involving disputed questions of fact should be appraised only after a trial at which the parties and the court can have the benefit of a complete inquiry, assisted by such pre-trial discovery as may be undertaken." *Id*.

The Proposed Complaint includes two Counts. Defendants' proposal would combine the parties' briefing and the Court's consideration of the threshold "good cause" predicate for Count II together with the Court's consideration of motions to dismiss Counts I and II. This would seem procedurally to misalign the Counts under the Rules, as proceedings on Count II are subject to the Court's predicate "good cause" determination, by statute. 29 U.S.C. § 501(b) ("No such proceeding shall be brought except upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte."). If, however, the Court is inclined to proceed in line with Defendants' proposal, Plaintiff has no opposition to doing so, if the technical trigger date for purposes of the Court Rules, such as the 21-day period under Rule 15(a) for Plaintiff to amend Count II as a matter of course, will be the date of the Court's predicate "good cause" determination, not the date of Defendants' filing of a Rule 12 motion to dismiss Count II.

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| | Respectfully Submitted, |
| DATED: July 6, 2021 | **JOHNSON & JOHNSON LLP** |
| | By: /s/ Neville L. Johnson |
| | Neville L. Johnson |
| | Douglas L. Johnson |
| | Daniel B. Lifschitz |
| | Johnson & Johnson LLP |
| | 439 N. Canon Drive, Suite 200 |
| | Beverly Hills, CA 90210 |
| | Tel.: 310-9751080 |
| | Fax.:310-975-1095 |
| | njohnson@jjllplaw.com |
| | djohnson@jjllplaw.com |
| | dlifschitz@jjllplaw.com |
| | |
| | Steven A. Schwartz |
| | **Chimicles Schwartz Kriner & Donaldson-Smith LLP** |
| | 361 West Lancaster Avenue |
| | Haverford, PA 19041 |
| | Tel.: 610-642-8500 |
| | Fax: 610-649-3633 |
| | steveschwartz@chimicles.com |
| | |
| | Robert J. Kriner, Jr. |
| | Emily L. Skaug |
| | **Chimicles Schwartz Kriner & Donaldson-Smith LLP** |
| | 2711 Centerville Road, Suite 201 |
| | Wilmington, DE 19808 |
| | Tel.: 302-656-2500 |
| | Fax: 302-656-9053 |
| | rjk@chimicles.com |
| | els@chimicles.com |
| | |
| | *and* |
| | |
| | Edward Siedle |
| | **Law Offices of Edward Siedle** |
| | 17789 Fieldbrook Circle West |
| | Boca Raton, FL 33496 |
| | Tel.: 561-703-5958 |
| | esiedle@aol.com |
| | |
| | *Attorneys for Plaintiff and the Classes* |