UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | |
|---|---|---|
| Case No. | 2:21-cv-05215-CAS-JEMx | Date July 28, 2021 |
| Title | FRANCES FISHER V. SCREEN ACTORS GUILD AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS ET AL. | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**    (In Chambers) PLAINTIFF'S APPLICATION FOR LEAVE TO FILE PROPOSED COMPLAINT PURSUANT TO 29 U.S.C. § 501 (Dkt. 1, filed June 25, 2021)

Presently before the Court is plaintiff Frances Fisher's verified application, pursuant to 29 U.S.C. § 501(b), to file a proposed complaint against defendants Screen Actors Guild – American Federation of Television and Radio Artists ("SAG-AFTRA"), Gabrielle Carteris, David P. White, Duncan Crabtree-Ireland, Ray Rodriguez, Michael Pniewski, David Hartley-Margolin, John T. McGuire, John Carter Brown, and Linda Powell (collectively, the "proposed defendants"). Dkt. 1 ("App."). Plaintiff's proposed complaint asserts two claims: (1) breach of the duty of fair representation in violation of 29 U.S.C. § 159(a); and (2) breach of fiduciary duty in violation of 29 U.S.C. § 501(a). Dkt. 1-1 ("Proposed Complaint"). The proposed defendants filed a preliminary response to plaintiff's verified application on June 30, 2021. Dkt. 11. Plaintiff filed a reply on July 6, 2021. Dkt. 12.

The question currently before the Court relates to plaintiff's Section 501(a) claim. Pursuant to 29 U.S.C. § 501(b), a member of a labor organization may bring suit against "any officer, agent, shop steward, or representative" of the labor organization for violation of Section 501(a), having first made a pre-suit demand upon the labor organization or its governing board and "upon leave of the court obtained upon verified application and for good cause shown, which application may be made ex parte." 29 U.S.C.A. § 501 (West).

In her verified application, plaintiff contends that she has made the required pre-suit demand upon SAG-AFTRA and that her allegations in the proposed complaint demonstrate that good cause exists for the Court to grant leave to file her Section 501(a) claim. App. at ¶¶ 31-40. The proposed defendants have filed a response "to inform the Court that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-05215-CAS-JEMx | Date | July 28, 2021 |
|---|---|---|---|
| Title | FRANCES FISHER V. SCREEN ACTORS GUILD AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS ET AL. | | |

Proposed Defendants intend to oppose the application for leave to file the §501(a) claim," and propose a procedure for further briefing regarding this issue, concurrent with the parties' anticipated Federal Rule of Civil Procedure 12 motions. Dkt. 11 at 3-4. The proposed defendants do not state the grounds upon which they will contend that no good cause exists. Id.

In reply, plaintiff argues both that her verified application satisfies the requirements of Section 501(b), and that defendants' proposal would create inefficiencies and "procedurally misalign the Counts." Dkt. 12 at 4. Plaintiff states that she otherwise has no opposition to the proposed briefing procedure, provided that the deadline for amendment as a matter of course pursuant to Rule 15(a) be adjusted accordingly.

Accordingly, having considered the parties' submissions, the Court **ORDERS** as follows:

1. Plaintiff's verified application to file the proposed complaint is **DENIED, *without prejudice*** to plaintiff filing a complaint setting forth her Section 159(a) claim, alongside a verified application for leave to add a claim pursuant to Section 501(a).

2. The proposed defendants **SHALL** file any opposition to the verified application for leave to add the Section 501(a) claim concurrently with their responsive pleading or Rule 12 motion, whichever is first filed.

    a. In the interim, the Court **DIRECTS** the parties as follows:

        i. The parties shall meet and confer and submit a stipulated schedule for briefing the application for leave to add the Section 501(a) claim, and any Rule 12 motion, on or before **August 4, 2021**.

        ii. On or before **August 4, 2021**, the proposed defendants shall provide the Court with notice in writing, not to exceed two (2) pages, of the grounds upon which they will assert that no "good cause" exists for the Court to permit the Section 501(a) claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:21-cv-05215-CAS-JEMx | Date | July 28, 2021 |
|---|---|---|---|
| Title | FRANCES FISHER V. SCREEN ACTORS GUILD AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS ET AL. | | |

3. The 21-day period during which plaintiff may amend her Section 501(a) claim as a matter of course pursuant to Federal Rule of Civil Procedure 15 is **TOLLED** until the date on which the Court resolves the verified application for leave to add the Section 501(a) claim.

IT IS SO ORDERED.

                                                                 00 : 00
                                      Initials of Preparer     CMJ