JEFFREY DEMAIN (SBN 126715)
jdemain@altber.com
DANIELLE LEONARD (SBN 218201)
dleonard@altber.com
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064

*Attorneys for Proposed 501 Claim Defendants Gabrielle Carteris, David P. White, Duncan Crabtree-Ireland, Ray Rodriguez, John T. McGuire, John Carter Brown, and Linda Powell*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Francis Fisher,<br><br>Plaintiff,<br><br>v.<br><br>SAG-AFTRA, *et al.*,<br><br>Defendants. | CASE NO.: 2:21-cv-5215-CAS-JEM<br><br>**PROPOSED 29 U.S.C. §501 CLAIM DEFENDANTS' STATEMENT RE: LACK OF GOOD CAUSE**<br><br>Judge: The Hon. Christina A. Snyder |

1   Pursuant to this Court's July 28, 2021 Order, the defendants named in Plaintiff
2   Francis Fisher's proposed 29 U.S.C. §501 breach of fiduciary duty claim hereby
3   submit this statement describing their anticipated opposition to Plaintiff's
4   forthcoming application to file such a claim.[1] The 501 Defendants anticipate
5   opposing that application on both substantive and procedural grounds, and will
6   demonstrate that this claim is nothing more than "harassing and vexatious litigation
7   brought without merit or good faith," *Horner v. Ferron*, 362 F.2d 224, 228 (9th Cir.
8   1966), and would constitute an "unwarranted judicial intrusion in the processes of
9   union democracy," *Cowger v. Rohrbach*, 868 F.2d 1064, 1068 (9th Cir. 1989).

10   Plaintiff has proposed adding a class claim under Section 501 to remedy what
11   she perceives as harm to a small subset of SAG-AFTRA members impacted by
12   certain health benefit and eligibility changes approved by the health plan trustees
13   (not the union) and that are already the subject of the ERISA claims in *Asner v. The*
14   *SAG-AFTRA Health Fund*, Case No. 2:20-cv-10914-CAS-JEM.  Plaintiff's Section
15   501 claim centers on alleged conduct and statements by the 501 Defendants with
16   respect to collective bargaining.  For several reasons, Section 501 is simply not a
17   proper vehicle to challenge the alleged conduct or to remedy the wrongs to union
18   members that she asserts, even if her allegations were true (which the 501
19   Defendants deny) and even if she had provided proper notice in her request that
20   SAG-AFTRA sue these individual 501 Defendants (which she did not).  In general,
21   Plaintiff's dissatisfaction with the outcome of contract negotiations is an entirely
22   meritless attempt at a duty of fair representation (DFR) claim (which will be
23   separately addressed in the forthcoming briefing as well).  For purposes of asserting

---

[1] The Proposed 501 Claim Defendants include the following Screen Actors Guild-American Federation of Television and Radio Artists ("SAG-AFTRA") officers and staff:  Gabrielle Carteris, David White, Duncan Crabtree-Ireland, Ray Rodriguez, John McGuire, John Carter Brown, and Linda Powell ("501 Defendants").  The remaining defendants (SAG-AFTRA, Michael Pniewski, and David Hartley-Margolin) are not named as proposed defendants in the Section 501 claim.

the Section 501 claim, Plaintiff links these allegations to alleged member harm through a long, implausible causal chain: She claims that the 501 Defendants' conduct and statements resulted in and involved certain collective bargaining terms, which then resulted in the underfunding of the jointly-administered health fund, which then resulted in the trustees' later decisions regarding benefits and eligibility changes, which then adversely impacted a subset of union members (notably, a subset that does not even include Plaintiff per her own allegations). However, Section 501 does not address harms to union *members*, but requires harm to the *union* (in whose place the plaintiff states a representative claim, *see* §501(b)). Plaintiff's allegations involving union communications regarding bargaining outcomes and the health plan suffer from the same defect and moreover concern protected speech.

Finally, the proposed Section 501 claim was flawed from the outset, as Plaintiff failed to name the 501 Defendants in her December 2020 letter requesting that SAG-AFTRA sue very broad categories of unidentified staff and officials and challenged the actions of health fund trustees *qua* trustees rather than as union officials (Compl. ¶75; Ex. A).

This Court should not permit Section 501 to be misused as an end-run around the legal standards required by ERISA and the DFR, including the prohibition against suing individual union officers for DFR violations, 29 U.S.C. §185(b). The good cause standard exists to prevent meritless claims from interfering with union representation, and notably, permitting the pursuit of meritless Section 501 claims would interfere with union representation in a particular way: Unlike most claims brought against union officers, the union cannot provide, through union counsel or funding of separate counsel, a defense to the 501 claim once the Court has granted leave to pursue it, leaving individual officers responsible for their own defense against patently frivolous claims.

Respectfully submitted,

Dated: August 4, 2021

/s/ *Danielle Leonard*
   Danielle Leonard

JEFFREY DEMAIN
DANIELLE LEONARD
Altshuler Berzon LLP

*Attorneys for Proposed 501 Claim Defendants Gabrielle Carteris, David P. White, Duncan Crabtree-Ireland, Ray Rodriguez, John T. McGuire, John Carter Brown, and Linda Powell*